UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| GENE DESHAWN M. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-874-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| B96.5, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Gene Deshawn M. Watkins filed the instant *pro se* action. He also filed an application to proceed without the prepayment of fees [R. 2], which is **GRANTED**. For the reasons stated below, the action will be dismissed for failure to meet the pleading standard under Fed. R. Civ. P. 8 and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

I.  **Background**

Plaintiff filed his complaint on the Court-approved general complaint form for filing a civil case. [R. 1] In the caption, he lists B96.5 as the only Defendant. The rest of the complaint form is left blank except for Plaintiff's signature.

On the same date Plaintiff filed the complaint, he filed a motion which he captioned as a motion for "Defamation, emotional stress mental stress." [R. 4] The Court construes the motion as a motion to amend the complaint and **GRANTS** the motion. Fed. R. Civ. P. 15(a)(1). Where the motion form asks the filer to state the relief requested, Plaintiff states, "Defamation, criminal intent, extortion, interferin in a federal investigation, obstruction conspiracy, racial discrimination." As grounds for his motion, Plaintiff states the following:

> This has inflicted great hardship on me in 02 or 03 I was called an Algerian terrorist by B96.5 and I served in the military I am a vet and I never been to

Africa that defamation and than B96.5 knew rappers was comin to Louisville on the under to cause problems they came w/ federal agents and the agents was corrupt they was bein extorted by NBC and I thought it was the mob but NBC is the mob to me they the legit mob for 20 yrs plus I have been watched by this radio station they watched how I struggled over 2 decades all bcuz B96.5 was takin top secret gov information from federal agents this has caused me mental stress emotional stress cuz B96.5 knew about me for 2 decades and said nothin about me only I was terrorist I wrote my rhymes in Algerian font and passed it out in the parkhill neighborhood and it got to B96.5 and they took the privilage in callin me an Algerian terrorist which brought the Feds on me now I am being sexually assaulted by invisible federal agents plus I make women have orgasms w/o touchin it transmit threw gov equipment which B96.5 knew by me . . . .[1]

## II. Discussion

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[1] The day after filing his complaint, Plaintiff filed a motion captioned as motion for "grand larceny criminal intent" [R. 5], which contains additional allegations.

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *See Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon the Court's review of the complaint and amendment, Plaintiff makes broad allegations of defamation by the Defendant radio station and corruption by federal agents. However, the complaint and amendment do not state coherent allegations to establish the Court's jurisdiction, to show that Plaintiff is entitled to relief, or to state any claim for the relief sought. The pleadings, therefore, fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677, at *3 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard of frivolousness.

### III. Conclusion

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Court will **DISMISS** this action by separate Order for failure to meet the pleading standard of Rule 8 and for lack of subject matter jurisdiction.

This the 19th day of December, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
　　Defendant
A958.010